# Supreme Court Decisions.

## LAWS AUTHORIZING THE LEVY OF TAXES.

PUMP v. THE COMMISSIONERS OF LUCAS COUNTY ET AL.

69 Ohio State—Decided, January 19, 1904.

*Levying of Taxes—By Commissioners of Lucas County—Is a Law of General Nature—Without Uniform Operation—Therefore Unconstitutional and Void—Section 2823, Revised Statutes—Constitutional Law.*

1. So much of Section 2823, Revised Statutes, as purports to authorize the commissioners of Lucas county to levy taxes for county purposes, etc., at a rate not exceeding five mills on the dollar of valuation of the taxable property within said county, is a law of a general nature which does not have a uniform operation throughout the state; and it is therefore unconstitutional and void.

2. So much of the remaining part of Section 2823, Revised Statutes, as was independently and constitutionally enacted and is complete within itself stands and should be enforced. *State, ex rel Wilmot et al,* v. *Buckley et al,* 60 Ohio St., 273, distinguished.

Error to the Circuit Court of Lucas County.

The facts are stated in the opinion.

*B. A. Hayes,* for plaintiff in error.

*Wm. G. Ulery* and *Jas. S. Martin,* for defendants in error.

DAVIS, J.; BURKET, C. J., SPEAR, SHAUCK, PRICE and CREW, JJ., concur.

This action was begun in the court of common pleas, to enjoin the levy of taxes in excess of the rates prescribed in the first clause of Section 2823, Revised Statutes, and to enjoin any levy whatever under and by virtue of that clause of said section which reads as follows:

"The commissioners of Lucas county shall, at their June session, annually, levy such amount as shall be necessary to pro-

vide for the ordinary or general expenses of the county, the building and repair of bridges and culverts, the maintenance of the poor, the repair of county buildings, and all other purposes which are paid out of the county treasury by order of the commissioners, the courts, or the auditor, and including any levy authorized by vote of the people, designating at the time of making said levy the amount for each separate fund; provided, that not exceeding five mills on the dollar of the valuation of taxable property within said county, shall be levied in any one year.''

It is claimed that this clause of Section 2823 is unconstitutional, for the reason that it contravenes Section 26, Article II of the Constitution. A demurrer to the petition was sustained by the court of common pleas and judgment was rendered in favor of the defendants. The judgment of the court of common pleas was affirmed by the circuit court.

The clause of Section 2823, which is here attacked, was embodied in the Revised Statutes from an act of the General Assembly, passed May 5, 1877, entitled ''An act to limit taxation in certain counties in this state'' (74 O. L., 180.) This act was not intended to have a uniform operation throughout the state, for by its title it only applies to ''certain counties in this state''; and in the body of the act it is limited to counties ''having at the last federal census a population of more than forty-five thousand and less than fifty thousand inhabitants,'' and this is conceded to have been applicable to Lucas county alone. Hence when this special act was incorporated in Section 2823, Revised Statutes, the codifiers disregarded the subterfuge of describing the county by population and substituted the name of the only county to which the statute applied, or was intended to apply. This being a law of special or local application, if it is a law ''of a general nature,'' it is obvious that it violates Section 26 of Article II of the Constitution.

It was laid down in *Kelley* v. *State,* 6 Ohio St., 269, in general terms, that ''the character of a law as general or local depends on the character of its subject-matter;'' and it is now the settled law of this state that whenever the subject-matter of legislation either does or may exist in, or affect every part of the state, such legislation is a ''law of a general nature'' and must, in conformity with Section 26 of Article II of the Constitution, be made to operate uniformly throughout the state. Not only

is the subject of taxation, in its broadest sense, one which affects every part of the state and every individual therein, but the limitation of the taxing power vitally concerns every individual of the state. Indeed it is difficult to conceive of a subject of legislation of more general and far-reaching nature than that of setting a limit to the power of taxation. Whether the rate of taxation for general county purposes shall be limited in proportion to the amount of taxable property shown on the grand duplicate of the county, as provided in one part of Section 2823, or whether with a like amount of taxable property the commissioners of a certain county or counties as provided in the clause in question, may in their discretion levy taxes for general county purposes at any rate not to exceed five mills on each dollar of taxable property, is a matter of public policy which concerns not only every tax-payer but every voter in the state. The subject-matter of taxation for county purposes is not only a subject-matter of a general nature, which, in obedience to the Constitution, should be regulated by laws operating throughout the state, but it is so regulated in the section before us. The attempt to confer upon the commissioners of Lucas county such an extraordinary and special privilege and power in respect to matters affecting every county and individual in the state, a privilege and power denied as to all other counties in the state, is therefore null and void.

The clause of Section 2823 which is under consideration was an independent act of the General Assembly, and has been incorporated in the section with another independent act which is complete in itself and constitutional, and section one of another act which is complete in itself and, excepting perhaps a single clause thereof, is constitutional. The remainder of the revised Section 2823, not including the clause relating to the commissioners of Hamilton county may therefore stand and be enforced although the other part is unconstitutional. So much of the section as relates to the commissioners of Lucas county only, is not an *exception* to that part of the section which was constitutionally enacted. This case does not therefore come within the rule laid down in *State, ex rel Wilmot et al, v. Buckley et al,* 60 Ohio St., 273.

*Judgment reversed, demurrer to petition overruled and cause remanded to the court of common pleas for further proceedings.*